IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHIRLEY, individually and as trustee of the John F. Shirley and Julie E. Shirley 2003 Trust, and JULIE SHIRLEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>WACHOVIA MORTGAGE FSB and WELLS FARGO BANK N.A.,<br><br>    Defendants. | Case No. 10-3870 SC<br><br>ORDER RE: PLAINTIFFS' MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

Before the Court are two motions. Defendant Wachovia Mortgage ("Defendant")[1] filed a motion to dismiss this action. ECF No. 5 ("Def.'s MTD"). Plaintiffs John and Julie Shirley ("Plaintiffs") filed a motion to remand this action to state court. ECF No. 11 ("Pls.' Mot."). Plaintiffs also filed an Amended Complaint, which Defendant asks the Court to disregard as untimely filed. ECF No. 12 ("Am. Compl."). For the following reasons, the Court DENIES Defendant's MTD, DENIES Plaintiffs' Motion, and accepts the filing of Plaintiffs' Amended Complaint.

---

[1] While Plaintiffs' initial complaint named Wachovia Mortgage FSB and Wells Fargo Bank N.A. separately as Defendants, Wachovia Mortgage claims it was formerly known as Wachovia Mortgage FSB and is now a division of Wells Fargo Bank N.A. See Def.'s MTD at 1. Thus, this Order refers to the above entity or entities in the singular as "Defendant."

## II. BACKGROUND

Plaintiffs filed this action in California state court on July 26, 2010, seeking rescission of a mortgage loan transaction due to alleged violations of the Truth in Lending Act by Defendant, as well as declaratory and injunctive relief. See ECF No. 1 Ex. A ("Compl."). Defendant was served with the state court complaint on July 28, 2010, and on August 30, 2010, Defendant removed the action to federal court, citing 28 U.S.C. §§ 1331 and 1332 as bases for this Court's jurisdiction. See ECF No. 1 ("Notice of Removal") at 1-2. On September 3, 2010, Defendant filed its MTD.

On September 13, 2010, the parties stipulated to, and the Court approved, a continuance of the hearing on Defendant's MTD. ECF No. 7 ("Sept. 13, 2010 Stip. and Order"). The parties claimed that this continuance was necessary to accommodate ongoing settlement discussions. Id. The hearing, originally set for October 8, 2010, was continued to November 15, 2010. Id.

Because Civil Local Rule 7-3 requires an opposition to be filed and served twenty-one days before the hearing date on the motion, the continuance of the MTD hearing also continued Plaintiffs' deadline to file their opposition. However, Plaintiffs did not file an opposition by the new October 25, 2010 deadline, nor have they since filed an opposition. Rather, on October 27, 2010, Plaintiffs filed an Amended Complaint and a Motion to Remand. On November 9, 2010, Plaintiffs requested that the Court vacate the upcoming hearing on Defendant's MTD, which Defendant opposed. ECF Nos. 13 ("Pls.' Req. to Vacate Hearing"), 14 ("Opp'n to Pls.' Req. to Vacate Hearing"). The Motion to Remand is now fully briefed. ECF Nos. 16 ("Opp'n to Pls.' Mot."), 17 ("Pls.' Reply").

**III. DISCUSSION**

    **A.    Plaintiffs' Motion to Remand**

In their Motion to Remand, Plaintiffs challenge the removal of the action from state court on procedural grounds. Pls.' Mot. at 2. Plaintiffs argue that under 28 U.S.C. § 1446(b), Defendant's Notice of Removal should have been filed within thirty days of service of the complaint. Id. Plaintiffs argue that because Defendant was served with the original complaint on July 28, 2010, § 1446(b)'s removal deadline was August 27, 2010, and thus the Notice of Removal's August 30, 2010 filing was untimely. Id.

Defendant argues that Plaintiffs' Motion to Remand was itself untimely filed under 28 U.S.C. § 1447(c), and thus Plaintiffs have waived any non-jurisdictional challenge to Defendants' removal. See Opp'n to Pls.' Mot. at 2. Section 1447(c) provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Motion to Remand was filed on October 27, 2010, more than eight weeks after the August 30, 2010 Notice of Removal.

Plaintiffs claim that the parties agreed to toll the deadline to file Plaintiffs' Motion to Remand for at least thirty days to accommodate ongoing settlement negotiations. See Pls.' Req. to Vacate Hearing at 2. Plaintiffs claim that this agreement was memorialized in the September 13, 2010 Stipulation and Order. Id. Defendant denies that any such agreement existed, and argues that the Stipulation and Order is silent on the issue of tolling the remand deadline. Opp'n to Pls.' Mot. at 3.

Having reviewed the Stipulation and Order, the Court agrees
3

with Defendant that it does not evince, or even imply, an agreement between the parties to toll the remand deadline.  As such, the Court DENIES Plaintiffs' Motion to Remand as an untimely procedural challenge to removal under 28 U.S.C. § 1447(c).

**B.    Defendant's Motion to Dismiss**

Plaintiffs did not file an opposition or statement of non-opposition to Defendant's MTD.  Rather, they filed an Amended Complaint on October 27, 2010.  Plaintiffs argue that this filing supersedes the original complaint, and thus Defendant's motion to dismiss the original complaint should be denied as moot.  See Pls.' Req. to Vacate Hearing at 1-2.

Defendant argues that Plaintiffs' Amended Complaint was not timely filed, and should be disregarded.  Opp'n to Pls.' Req. to Vacate Hearing at 2.  Defendant argues that under Rule 15(a) of the Federal Rules of Civil Procedure, a party may file an amended complaint once without leave of the court if it is filed within twenty-one days of service of a Rule 12(b) motion.  Id.  Defendant argues that because Defendant's MTD was filed on September 3, 2010, Rule 15(a)'s twenty-one-day window to amend the complaint closed on September 24, 2010, and so the Amended Complaint -- filed on October 27, 2010 -- is untimely.  Id.

While Defendant asks the Court to strictly apply the Rule 15(a) twenty-one-day deadline, Rule 15(b) states: "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(b). When served with a Rule 12(b) motion, a plaintiff usually has a choice: file an opposition, a statement of non-opposition, or, if an amended complaint has not yet been filed, an amended complaint.  Civil Local Rule 7-3(b) ordinarily gives a

4

plaintiff fourteen days to file an opposition, and Rule 15(a) gives the plaintiff twenty-one days to file an amended complaint.  The parties sought a continuance of the hearing date to conduct settlement negotiations.  If the stipulation continuing the hearing date were interpreted to extend Plaintiffs' deadline to file an opposition but not the deadline to file an amended complaint, Plaintiffs would be denied this choice.

However, even if the Court were to find that the September 13, 2010 Stipulation and Order tolled the Rule 15(a) deadline, Plaintiffs' Amended Complaint would still be filed two days after the new deadline.  Despite the untimely filing of Plaintiffs' Amended Complaint, the Court will accept its filing for practical reasons.  If the Court disregarded Plaintiffs' untimely amendment, Defendant's MTD would be unopposed, and the Court would have two options: grant Defendant's MTD and dismiss the action with prejudice, or grant the MTD without prejudice and give Plaintiffs leave to file an amended complaint.  The first option would conflict with this circuit's disfavor of default judgments.  See In re Hammer, 940 F.2d 524, 525-36 (9th Cir. 1991) (stating the policy, in the context of Rule 60(b), of disfavoring default judgments and favoring decisions on the merits).  The second would unnecessarily prolong proceedings and arrive at the same result as accepting Plaintiffs' Amended Complaint as the operative complaint.  For these reasons, the Court accepts Plaintiffs' late-filed Amended Complaint.  Because this Amended Complaint supersedes the original complaint, the Court DENIES Defendant's MTD as moot.

The Court cautions the parties that it will not tolerate future missed deadlines or violations of court rules.  It also

stresses to Plaintiffs that their untimely filing of both the amended complaint and motion to remand has multiplied the proceedings in this case at a cost to both Defendant and the Court. A pattern of such behavior, if found by the Court to be unreasonable and vexatious, is grounds for sanctions under 28 U.S.C. § 1927. Furthermore, future failures by Plaintiffs to comply with this Court's rules may result in the dismissal of the action pursuant to Rule 41(b).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Wachovia Mortgage's Motion to Dismiss and DENIES Plaintiffs John and Julie Shirley's Motion to Remand. Plaintiffs' Amended Complaint, filed on October 27, 2010, supersedes the original complaint. Within twenty-one (21) days of this Order, Defendant shall either file its Answer or a Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. The status conference scheduled for December 17, 2010 in Courtroom No. 1, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, is continued to January 21, 2011 at 10:00 a.m. Parties shall file a joint case management statement seven (7) days prior to the hearing.

IT IS SO ORDERED.

Dated: December 2, 2010

UNITED STATES DISTRICT JUDGE