IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHIRLEY, individually and as trustee of the John F. Shirley and Julie E. Shirley 2003 Trust, and JULIE SHIRLEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>WACHOVIA MORTGAGE FSB and WELLS FARGO BANK N.A.,<br><br>    Defendants. | Case No. 10-3870 SC<br><br>ORDER RE: WACHOVIA'S <u>MOTION TO DISMISS</u> |

## I.  INTRODUCTION

Before the Court is a Motion to Dismiss filed by Defendant Wachovia Mortgage FSB ("Wachovia"). ECF No. 19. Plaintiffs John F. Shirley ("John") and Julie E. Shirley ("Julie") (collectively, "Plaintiffs") filed an Opposition, and Wachovia filed a Reply. ECF Nos. 22, 24. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Wachovia's Motion.

## II.  BACKGROUND

Plaintiffs filed this action in California state court on July 26, 2010, seeking rescission of a mortgage loan transaction due to alleged violations of the Truth in Lending Act ("TILA") by Wachovia, as well as declaratory and injunctive relief. <u>See</u> ECF

No. 1 ("Notice of Removal") Ex. A ("Initial Compl."). Wachovia removed, and on October 27, 2010, Plaintiffs filed a First Amended Complaint, which the Court accepted as the operative complaint. ECF Nos. 12 ("FAC"), 18.

Plaintiffs allege that on February 29, 2008, Wachovia made a loan of $1.76 million to the John F. Shirley and Julie E. Shirley 2003 Trust ("the Trust"), secured by a deed of trust on Plaintiffs' home. FAC ¶ 8. Plaintiffs allege that they sought to rescind this loan on May 3, 2010, claiming Wachovia failed to make disclosures required under TILA. Id. Plaintiffs contend that Wachovia refused to honor their demand for rescission, and rejected an August 31, 2010 tender letter. Id. ¶ 10. Plaintiffs allege that on September 14, 2010, they paid Wachovia $1.83 million -- the amount Wachovia claimed was due on the loan. Id. ¶ 12.

Plaintiffs' FAC contains three claims. Their first claim is that Wachovia violated TILA by failing to make required disclosures to Julie. Plaintiffs admit that John received TILA disclosures from Wachovia, but argue that Wachovia was obligated to make these disclosures to Julie as well because as a settlor and beneficiary of a revocable trust, she had an "ownership interest" triggering TILA. Id. ¶¶ 10-12.

Plaintiffs' second claim is that the TILA disclosures made to John were defective. Under Regulation Z, a borrower has the right to rescind a refinancing or equity mortgage transaction within three business days of the date the borrower receives the TILA disclosures or the date the borrower receives a notice of a right to cancel, whichever is later -- and within three years if the lender fails to provide such a notice. 12 C.F.R. § 226.15; 15

2

U.S.C. § 1635.  Plaintiffs allege that the Notice of Right to Cancel ("Notice") delivered to John stated that his right to rescind the loan expired at midnight on February 26, 2008 -- the same day John received the Notice and signed it.  Id. ¶¶ 14-15. Plaintiffs allege that the date on the Notice was altered by someone other than John to February 23, 2008, and that the Notice contains John's forged initials.  Id. ¶ 15.

Plaintiffs' third claim is for injunctive relief in the form of a temporary restraining order and/or preliminary injunction restraining Wachovia from reporting Plaintiffs' loan to major credit reporting agencies.  Id. ¶¶ 17-19.

In its Motion, Wachovia seeks dismissal of all three claims. As to Plaintiffs' first and second claims, Wachovia argues that Wachovia had no obligation to provide TILA disclosures to Julie; that any error in the disclosure to John should be excused as a "typo"; that Plaintiffs' TILA claims are barred by TILA's statute of limitations; that Plaintiffs' request for rescission is mooted by Plaintiffs' subsequent payment in full of the loan; and that Plaintiffs otherwise fail to plead facts sufficient to constitute a TILA claim.  Mot. at 2.  Wachovia argues that Plaintiffs' third claim should be dismissed because injunctive relief is a remedy rather than a claim for relief; because it is a state-law claim preempted by the Home Owners' Loan Act ("HOLA"); because Wachovia can demonstrate a reasonable likelihood of success on the merits; and because "even if the requested mandatory injunction were granted, Wachovia neither has the right nor ability to 'delete' the reported information it supplied to credit reporting agencies." Id.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

### IV. DISCUSSION

#### A. Preliminary Matters

Wachovia requests this Court to take judicial notice of a number of facts and documents. ECF No. 20 ("RJN"). Plaintiffs oppose this request. ECF No. 22-1 ("Opp'n to RJN").

4

The Court may take judicial notice of facts not subject to reasonable dispute. Fed. R. Evid. 201. Courts may take judicial notice of matters of public record, <u>Hotel Emps. & Rest. Emps. Local 2 v. Vista Inn Mgmt. Co.</u>, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005), and may do so without converting a motion to dismiss into a motion for summary judgment, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

First, Wachovia requests the Court to take judicial notice of the following:

> Wachovia Mortgage, FSB was a federal savings bank, subject to the Home Owner's Loan Act ("HOLA"), whose primary regulator was the Office of Thrift Supervision ("OTS") of the Treasury Department. Pursuant to a merger on November 1, 2009, Wachovia Mortgage is now a division of Wells Fargo Bank, N.A.

RJN at 2.

Wachovia claims this statement is supported by the Charter of Wachovia Mortgage, FSB, RJN Ex. A, and a November 1, 2009 letter converting Wachovia to a division of Wells Fargo Bank, N.A., <u>id.</u> Ex. B. In opposition, Plaintiffs argue that these documents lack adequate foundation, constitute inadmissible hearsay, and are improper subjects for judicial notice. Opp'n to RJN at 3.

That Wachovia is now part of Wells Fargo Bank is a fact of common knowledge not subject to reasonable dispute. Plaintiffs do not argue otherwise; their objections are merely procedural. As such, the Court takes judicial notice of the fact that Wachovia is now part of Wells Fargo Bank. As to Wachovia's request for the court to take judicial notice of the fact Wachovia was subject to HOLA and that OTS was its "primary regulator," the Court finds that these are legal determinations inappropriate for judicial notice.

Wachovia also asks the Court to take judicial notice of an adjustable rate mortgage note signed by John, RJN Ex. C ("Mortgage Note"), a deed of trust signed by John on February 22, 2008, id. Ex. D ("Deed of Trust"), and the Notice of Right to Cancel ("Notice") signed by John, id. Ex. E. Plaintiffs oppose, making the same foundation and hearsay objections above. Plaintiffs argue that the Notice "is at the core of this dispute such that it is incapable of accurate and ready determination as to its accuracy." Id. at 4.

A court may consider evidence on which the complaint "necessarily relies" if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the defendant's motion to dismiss. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs' FAC refers to both the Mortgage Note and the Notice, and both are central to their action. FAC ¶¶ 8, 11, 14-15. However, Plaintiffs vigorously dispute the authenticity of the date and signature on the Notice. As such, the Court takes judicial notice of the Mortgage Note. As to the Notice, the Court only takes judicial notice of the undisputed facts evidenced by this document -- such that it exists and that John received it -- but not the disputed fact that John received it and signed it on February 23, 2008. The FAC does not refer to the Deed of Trust. Given the nature of the action and the claims of impropriety, the Court opts against taking judicial notice of this document.

**B.  Plaintiffs' First Claim**

Wachovia seeks dismissal of Plaintiffs' first claim, arguing that Wachovia owed Julie no duty to make TILA disclosures. Mot. at

6

2. Wachovia argues that the borrower of the loan was "John F. Shirley, as a trustee of the John F. Shirley and Julie E. Shirley Trust." Id. Wachovia argues that in their Complaint, Plaintiffs acknowledge that John, the trustee, received the required TILA disclosures, and thus Wachovia fulfilled its TILA disclosure duty when it made the disclosures to John.

Plaintiffs argue that as a settlor of a revocable living trust, Julie had an ownership interest in the trust, and argue that under TILA, "each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind." Opp'n at 4 (citing 12 C.F.R. § 226.2(a)(11)). Plaintiffs cite Amonette v. IndyMac Bank, F.S.B., 515 F. Supp. 2d 1176 (D. Haw. 2007) in support of their argument. Amonette merely holds that a trustee of a revocable living trust has standing to assert TILA claims for rescission of a loan made to the trust. Id. at 1178-79. It says nothing about the disclosure duties owed to trust beneficiaries.

Plaintiffs cite to no other law in support of their argument that Julie, as a settlor and beneficiary of the trust, was entitled to TILA disclosures separate from and in addition to the disclosures made to John, the trustee. The Court finds this argument to be unavailing. Were the law as Plaintiffs wish it to be, an entity lending to a trust would be required to spend considerable time and effort identifying and notifying each trust beneficiary or run the risk of violating TILA. By making TILA disclosures to the trustee, the lender provides notice to an individual who serves as a fiduciary of the beneficiaries, and thus reasonably ensures the beneficiaries will be provided notice. The

7

Court finds that Wachovia's disclosure obligations extended to the trustee, John, and not to the trust's beneficiaries or settlors. Because the first claim fails to state a claim under which relief can be granted and cannot be salvaged through amendment, the Court DISMISSES Plaintiffs' first claim WITH PREJUDICE.

### C.    Plaintiffs' Second Claim

Wachovia argues that Plaintiffs' second claim should be dismissed, contending that the Notice sent to John complied with TILA.  Mot. at 3.  Wachovia does not dispute that 15 U.S.C. § 1635(a) gives borrowers the right to rescind within three business days of the date they receive notice of a right to cancel, and within three years if the lender fails to provide such a notice. Id.  Wachovia contends that it is uncontested that Wachovia sent John the Notice, and that Plaintiffs' allegations of forgery and fraud in the document can be dismissed as "reliance on a possible typo."  Id.  In response, Plaintiffs argue that the "defects" in the Notice frustrated the purpose of the Notice, because the deadline to rescind given in the Notice was the same date John received the Notice.  Opp'n at 3-4.

Taking the facts pleaded in Plaintiffs' FAC as true -- as it must -- the Court finds Wachovia's arguments in favor of dismissal to be unavailing.  Assuming that John received the Notice on February 26, 2008, and the Notice provided that John's right to rescind the loan expired at midnight on February 26, 2008, then Plaintiffs did not receive notice of their three-day right to rescind.  As such, Plaintiffs had three years to rescind the loan, and their May 3, 2010 letter seeking rescission would be timely.

Wachovia additionally argues that Plaintiffs' claim was

1  rendered moot when Plaintiffs paid off the loan, and the court
2  cannot "rescind a loan that no longer exists." Mot. at 5.
3  Wachovia cites no case law to support this argument. Plaintiffs
4  mailed Wachovia a letter seeking rescission, which Wachovia
5  rejected. Rather than risk litigation or further damage to their
6  credit, Plaintiffs paid the balance Wachovia claimed was owed on
7  the loan. It would not serve justice to deny Plaintiffs their
8  statutory right to rescind a loan due to this act of caution on
9  their part.
10 For these reasons, Wachovia's motion to dismiss Plaintiffs'
11 Second Claim is DENIED.

### D. **Plaintiffs' Third Claim**

13 Wachovia makes a number of arguments in favor of dismissal of
14 Plaintiffs' third claim, including that it is preempted by HOLA;
15 that "plaintiffs have little chance of prevailing on the merits";
16 and that injunctive relief is a remedy rather than a separate cause
17 of action. Id.
18 The Court finds merit in this last argument. Plaintiffs'
19 third claim is not a claim for relief, but rather a remedy that may
20 be appropriate should they prevail on their second claim.
21 Furthermore, the only relief sought in Plaintiffs' third claim is a
22 temporary restraining order and/or preliminary injunction
23 prohibiting Wachovia from reporting Plaintiffs' loan to credit
24 reporting agencies. Under Civil Local Rule 65, parties seeking a
25 temporary restraining order or preliminary injunction must file a
26 motion. Plaintiffs have taken no such action.
27 For this reason, the Court GRANTS Wachovia's Motion as to
28 Plaintiffs' third claim and DISMISSES IT WITH PREJUDICE. In doing

9

so, the Court does not rule on the appropriateness of the injunctive relief sought or bar Plaintiffs from seeking a temporary restraining order or preliminary injunction by filing the appropriate documents and making the required legal showing. The Court merely dismisses the claim because it is not a claim, but a possible remedy under Plaintiffs' second claim.

**V.    CONCLUSION**

For the foregoing reasons, Defendant Wachovia Mortgage FSB's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Court DISMISSES WITH PREJUDICE the first claim and the third claim in John F. Shirley and Julie E. Shirley's First Amended Complaint.

IT IS SO ORDERED.

Dated: March 9, 2011

UNITED STATES DISTRICT JUDGE